[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2008
THOMAS K. KAHN
CLERK

--------------------------------------

No. 07-12806
Non-Argument Calendar

--------------------------------------

BIA No. A95-914-323


FNU SUSILO,

Petitioner-Appellant,


versus


U.S. ATTORNEY GENERAL,

Respondent-Appellee.


------------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
------------------------------------------------------------------


**(March 11, 2008)**


Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Fnu Susilo, a native and citizen of Indonesia, petitions for review of the

affirmance by the Board of Immigration Appeals ("BIA") of the decision of the

Immigration Judge ("IJ") denying asylum and withholding of removal.[1] No reversible error has been shown; we dismiss the petition in part and deny it in part.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review de novo legal determinations of the BIA. Id. Factual determinations are reviewed under the "highly deferential" substantial evidence test; and we must "affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation and citation omitted). Therefore, a fact determination will be reversed only when the record compels, instead of merely supports, a reversal. Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006).

About asylum, Susilo argues that he established changed circumstances excusing his untimely application and otherwise posits that he demonstrated

---

[1]The decision also denied relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT") and voluntary departure. But, on appeal, Susilo does not make arguments on these claims; and thus, they are abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that a petitioner abandons an issue by failing to offer argument on that issue).

2

eligibility for asylum.[2] The government asserts that we do not have jurisdiction to review Susilo's asylum claims. We review our subject-matter jurisdiction <u>de novo</u>. <u>Gonzalez-Oropeza v. U.S. Attorney Gen.</u>, 321 F.3d 1331, 1332 (11th Cir. 2003). Here, we do not have jurisdiction to consider Susilo's asylum claims because the BIA concluded that his asylum application was untimely and that he failed to demonstrate an exception to the filing deadline contained in 8 U.S.C. § 1158(a)(2)(B). <u>Chacon-Botero v. U.S. Attorney Gen.</u>, 427 F.3d 954, 957 (11th Cir. 2005) (we lack jurisdiction, under section 1158(a)(3), to review an IJ's timeliness ruling).[3]

We now address Susilo's withholding of removal claim. An alien seeking withholding of removal must show that his life or freedom would be threatened upon return to his country because of his race, religion, nationality, political opinion, or membership in a particular social group. <u>Mendoza v. U.S. Attorney Gen.</u>, 327 F.3d 1283, 1287 (11th Cir. 2003); <u>see also</u> 8 U.S.C. § 1231(b)(3). An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question. <u>Mendoza</u>, 327

---

[2] Susilo entered the United States in August 1998, and filed his asylum application in March 2005.

[3] Susilo argues that the BIA's conclusion that he did not establish changed circumstances is a question of law over which we retain jurisdiction; but <u>Chacon-Botero</u> rejects this argument. <u>See id.</u> He also argues that the BIA decision raises a due process issue; but Susilo does not have a due process right to discretionary relief. <u>See</u> <u>Tefel v. Reno</u>, 180 F.3d 1286, 1300 (11th Cir. 1999).

3

F.3d at 1287. The alien may satisfy this burden by showing past persecution on account of a protected ground.[4] Id. An alien who has not shown past persecution may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground. Id.; see also 8 C.F.R. § 208.16(b)(2).

Susilo asserted that he would be persecuted if he returned to Indonesia because he is a Christian and of Chinese descent. At his asylum hearing, he stated that he left Indonesia for the United States in 1998 after witnessing a riot in Jakarta. Though he personally never suffered harm when he lived in Indonesia, he feared returning there because of incidents that happened to his family since the 2004 elections. About religion, Susilo testified that a Muslim neighborhood leader told his aunt and uncle to stop conducting a Christian worship service in their home. About ethnicity, Susilo testified that his sister, while disembarking public transportation, was told by the driver that she did not need to pay because "in short time we will finish you off." Susilo also testified that Indonesia's new

---

[4]If the alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon return to that country unless the government shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the alien's life or freedom no longer would be threatened; or (2) it would be reasonable for the alien to relocate to another part of the country. Id.

4

vice-president specifically directed threats of discrimination and persecution at Chinese-Indonesians and would "try to cleanse" them from Indonesia.

The BIA affirmed the IJ's denial of withholding of removal, explaining that Susilo had provided insufficient evidence that he would be targeted for persecution on account of a protected ground. The BIA noted that the events Susilo recounted did not rise to the level of past persecution, he never physically was harmed in Indonesia, and his family remained in Indonesia unharmed. On appeal, Susilo argues that he demonstrated eligibility for withholding of removal based on country conditions in Indonesia, incidents that happened to his family, and his membership in two disfavored groups.

After review, we conclude that the evidence does not compel the conclusion that Susilo was entitled to withholding of removal.[5] Susilo never personally suffered harm based on his race or religion when he lived in Indonesia. In his asylum application, he admitted that his family never had been harmed by anyone in Indonesia. And the two incidents that happened to his family since his departure did not involve physical harm and do not tend to indicate that Susilo is

---

[5]To the extent that Susilo argues that he is entitled to relief because he demonstrated a well-founded fear of future persecution, we note that the well-founded fear standard required for asylum is less stringent than the withholding of removal standard. See Ruiz v. Gonzales, 479 F.3d 762, 766 n.1 (11th Cir. 2007).

more likely than not to be persecuted or tortured upon return to Indonesia.[6]  In addition, his family remains in Indonesia unharmed.  See Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1259 (11th Cir. 2006) (an alien's well-founded fear of persecution was negated where the alien's family continued to live in Colombia without incident).  Though the new vice president may have expressed anti-Chinese sentiments, other evidence submitted by Susilo indicates documented improvements in interreligious tolerance and progress by the Indonesian government in improving racial and ethnic tolerance.  Accordingly, the record does not compel the conclusion that Susilo would more likely than not suffer persecution based on his race or religion if he returned to Indonesia.[7]

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[6]We also note our agreement with the BIA's determination that these two incidents do not constitute past persecution.  See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (explaining that persecution is an "'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation'").

[7]We reject Susilo's argument that he faces a future threat to his life based on his membership in two disfavored groups.  Even if we adopted the theory that an alien may show a future threat to his life by proving he is a member of disfavored group, Susilo still has failed to prove that he likely is to be targeted as a member of that group.